CAROL TOUSSAINT, Secretary, Department of Local Affairs andDevelopment
Your predecessor asked several questions concerning the duties of the head of the planning function in your Department to check certain requirements of sec. 236.20, Stats.
"Question I
 "May a land subdivision plat be certified as non-objectionable by this office, approved and recorded if it is prepared on both sides of double-sided, muslin backed plat paper?"
Section 236.20 (1)(a), Stats., provides as follows:
 "(1) General requirements. All plats shall be legibly prepared in the following manner:
 "(a) On muslin-backed white paper 22 inches wide by 30 inches long. When more than one sheet is used for any plat, each sheet shall be numbered consecutively and shall contain a notation giving the total number of sheets in the plat and showing the relation of that sheet to the other sheets and each sheet shall bear the name of the subdivision. These sheets may be provided by the county through the register of deeds on such terms as the county board determines."
As an aid in answering this question, you have submitted samples of the paper required by sec. 236.20 (1)(a), Stats., and the new double-sided paper. The paper required by sec. 236.20
(1)(a), Stats., provides a drawing surface on one side only. Its back is muslin. The new paper provides drawing surfaces on both sides. Muslin is pressed between the two drawing surfaces.
It is my opinion that the new paper must be rejected.
The obvious intent of sec. 236.20 (1) (a), Stats., is contained in the statutory language itself. The Legislature intended use of a durable paper which could withstand hard use over the years. In addition, the paper was to be a certain size to standardize plat books used by registers of deeds throughout the state and to permit convenient *Page 10 
handling. Further, the paper required by sec. 236.20 (1) (a), Stats., is flexible to permit easy opening and page turning.
The new double-surfaced paper is very stiff. It is more inflexible than high quality thin cardboard. Use of such paper in plat books kept by registers of deeds would be most difficult and would subvert not only the requirements of sec. 236.20 (1)(a), Stats., but also its obvious intent.
"Question II
 "Assessor's plats are required by s. 70.27 (8) to be reviewed by this office. Do all of the answers to Question I apply to assessor's plats? If not, how do they differ?"
All of the answers given under Question I above apply to assessor's plats.
Since Question III does not relate to your statutory duties, it will not be answered here.
"Question IV
 "Section 236.20 (1)(c) requires plats to be legibly `prepared' with nonfading black ink; this has permitted the head of the planning function to accept plats prepared by lithography and silk screening, using nonfading black ink. However, the register of deeds may not accept a plat for record unless it is `drawn.' In an opinion dated January 26, 1954 the Attorney General advised the Winnebago County District Attorney that `drawn' cannot be interpreted to mean `printed'. Has this department correctly administered the statutes by certifying `printed' plats as non-objectionable? May the register of deeds record such plats, since they are not `drawn'?"
Although printer's ink may satisfy requirements, of permanence and durability, the plat actually recorded must be the original drawing, i.e., the original ink drawing.
Section 236.25 (2)(a), Stats., clearly provides:
 "(2) The register of deeds shall not accept a plat for record unless:
 "(a) It is drawn on muslin-backed white paper 22 inches wide by 30 inches long." *Page 11 
43 Op. Att'y Gen. (1954) interpreted the word "drawn" in a similar statute, sec. 236.04 (3), Stats. (1953), as requiring the recording of the original drawing of the plat prepared by the draftsman. It may be presumed that the Legislature was aware of that opinion when, by ch. 570, Laws of 1955, it subsequently repealed sec. 236.04 (3) and created present sec. 236.25 (2)(a), which uses the same term in describing the plat which must be filed with the register of deeds.
More particularly, however, ch. 236, Stats., requires recording of the original plat. Section 236.02 (7), Stats., provides:
 "236.02 DEFINITIONS. In this chapter, unless the context or subject matter clearly requires otherwise:
"***
 "(7) `Recording a plat' means the filing of the original of the final plat with the register of deeds."
Further, sec. 236.12 (8), Stats., provides in part:
 "In order to facilitate approval of the final plat where more than one approval is required, the subdivider may file a true copy of the plat with the approving authority or authorities with which the original of the final plat has not been filed. The approval of such authorities may be based on such copy but shall be inscribed on the original of the final plat. . . ." (Emphasis added.)
Finally, sec. 236.25 (4), Stats., requires the "original" of the final plat to be bound and filed by the register of deeds. All other exact representations of the plat are designated and referred to as copies under ch. 236, Stats., whether printed, photocopied or produced by other means.
BCL:JPA *Page 12